JUSTICE NELSON
concurs.
¶37 I concur fully in our Opinion. On the record before us, we could reach no other resolution of this appeal. Indeed, the trial court’s decision to incarcerate Rovin was, necessarily, dictated by the dearth of alternate options that might have facilitated Rovin’s treatment and rehabilitation.
¶38 I write separately only to underscore the following. In all probability Rovin’s criminal and probation violations were not willful. As Dr. Zook testified, Rovin suffers from an untreated serious mental disorder with psychotic features in addition to his sexual assault behaviors. This mental disorder renders him indigent, jobless and delusional. Opinion, ¶ 13. Rovin cannot be treated in the community because of his mental health deficits and predatory sexual behaviors. Opinion, ¶¶ 20,22. It is also apparent that incarceration will not likely improve upon his situation-while previously imprisoned he did not receive adequate mental health treatment; rather, his hallucinations and suicidal ideation intensified. Opinion, ¶¶ 14, 21.
¶39 This case is an unfortunate, but recurring, example of the failure of the criminal justice system to provide effective treatment options to trial judges when they must deal with persons suffering from serious mental illness coupled with criminal behavior. I submit that *66 warehousing these individuals at the Montana State Prison is not an appropriate answer. While this approach may temporarily protect the public, it does little to treat the underlying cause of the individual’s mental health problems; it does little to rehabilitate the individual so as to give him or her a chance to be a productive citizen; and it does little to protect the inviolable human dignity possessed by each of these individuals and guaranteed by Article II, Section 4 of the Montana Constitution. See Walker v. State, 2003 MT 134, 316 Mont. 103, 68 P.3d 872.
¶40 I join our Opinion, but I do so acknowledging that the judiciary’s hands are tied by our State’s systemic failure to appropriately and humanely treat the mentally ill.
¶41 I concur.